**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **DENVER FOOTE,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**JOHN DOE 1; CLARK ALLEN; ERNESTO ESCOBAR HERNANDEZ; JEFFREY GEORGE; BRANDON HOLTAN; ADAM HERMAN; KIRK BAGBY; DANA WINGERT; CITY OF DES MOINES, IOWA,**<br><br>    **Defendants.** | **Case No. 4:21-cv-00043-SBJ**<br><br><br><br>**REPLY TO DEFENDANTS' RESISTANCE TO FOOTE'S MOTION TO STRIKE DEFENDANTS' EXPERTS** |

**COME NOWS** the Plaintiff, Denver Foote, and for her reply to Defendants' resistance to her motion to strike defendants' experts, respectfully states the following:

**INTRODUCTION**

Defendants' resistance to the motion to strike expert reports ignores the most glaring failure of both DiCara and Billington's expert reports: they both rely on information that the defendant law enforcement officers did not have access to when they made the individualized decision to violently arrest Foote and to charge her with various crimes. For that reason alone, their opinions are irrelevant. *See, e.g. Gerling v. City of Hermann, Mo.*, 2 F.4th 737, 743 (8th Cir. 2021) (defendant is "entitled to qualified immunity if a reasonable officer *in his position* could have believed that [plaintiff] had committed or was committing a crime."), *id.* ("In conducting arrests, officers may use only force that is objectively reasonable in light of the facts and circumstances *confronting them*.").

To get around the other proposed shortcomings in the expert reports, defendants propose additional, undisclosed expert material (Billington) and limiting instructions on

1

n/a
testimony (DiCara). These remedies are inadequate. The motion to strike should be granted.

## ARGUMENT

I.  **The reports are not relevant because they describe information of which the arresting and charging officers were not aware.**

As it relates to this motion, the defendant law enforcement officers are charged with illegal seizure, excessive force, retaliation, intentional infliction of emotional distress, malicious prosecution, false imprisonment, libel, and assault and battery. Billington and DiCara offer opinions that clear the law enforcement officers of any wrongdoing. But these opinions are based almost entirely upon facts which the defendant law enforcement officers were not aware. During deposition, officers Holtan and Herman testified that they were not aware of what Foote was doing before they violently arrested her. They had no idea whether she was at the protests before they arrived, or for how long. They had no idea whether she was vandalizing property. They had no idea whether she was present when an order to disperse was given, and then violated the law by failing to disperse. Their testimony along with the testimony of charging officers George and Allen, was that they assumed everyone that was in the downtown area was participating in the protest, and so they began making arrests and charging everyone with the same blanket charges of criminal mischief and participating in a riot. (*See* Def. MSJ Appx. 540-48, 554 (Herman), 523-26 (Holtan), 698 (George), 761-63 (Allen)).

The allegations against Herman, Holtan, George, and Allen cannot be defeated by a pair of Monday-morning quarterbacks with a birds-eye view of the scene. These defendants have a responsibility to make individualized determinations of probable cause before arresting a suspect. "Whether probable cause exists depends upon the reasonable

conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Baribeau v. City of Minneapolis*, 596 F.3d Cir. 465, 474 (8th Cir. 2010) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)). Herman, Holtan, George, and Allen did not know the facts that DiCara and Billington propose to testify to about Foote's prior movement. Putting aside the question of whether DiCara and Billington's conclusions about Foote's prior activities are even relevant, they cannot bear on Herman, Holtan, George, and Allen's probable cause determination because they were not aware of them.

These defendants also have an obligation to use force reasonably necessary, based on the information available to them. *See, e.g. Baude v. City of St. Louis*, 476 F. Supp. 3d 900, 913 (E.D. Mo. 2020) ("The reasonableness of a use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). DiCara proposes to testify that the use of force was justified based in part on Foote's alleged actions before Herman and Holtan encountered her. DiCara did not view the actual altercation between Herman, Holtan, and Foote, and Herman and Holtan have no idea what Foote was doing before they encountered her. The analysis of Foote's actions earlier in the evening by anyone other than the defendants simply has no bearing on whether or not she was resisting arrest. *C.f. McManemy v. Tierney*, 970 F.3d 1034, 1040 (8th Cir. 2020) (Plaintiff's prior unlawful conduct – leading law enforcement on a high speed chase and refusing commands – was relevant to whether use of force was reasonable, *because* law enforcement was aware of it).

## II. The shortcomings in Billington's report will not be cured by a demonstrative exhibit.

The defendants apparently recognize that the bulk of Billington's proposed testimony is inadmissible descriptive summaries of what is plainly visible in the videos

Billington reviewed. *See, e.g.* Def. Resistance at 3 ("While the parties could simply give those videos to the jury and allow jurors to try to determine what the videos show, the jury's work will be simplified by having Mr. Billington's testimony to help the jury understand what videos are relevant, what those videos show, and what information can eb gathered from these videos…Mr. Billington's assistance to the jury will be greater at trial than his current report indicates. As part of his work for the City, Mr. Billington is preparing a demonstrative exhibit."). The defendants do not cite any authority for the proposition that summary recaps of the video are admissible – in fact, the case cited by defendants confirms that they are not. *See Morales v. Fry*, C12-2235-JCC, 2014 WL 1204563, at *4 (W.D. Wash. Mar. 25, 2014). Billington's supposed "analysis" of what Foote is doing in the videos is merely descriptive. The jury can determine whether she is proximate to criminal activity or could observe or hear an order to disperse without expert testimony.

      The proposed creation of a demonstrative exhibit does not move Billington's testimony from the category of "descriptive" (lay witness territory) to "scientific, technical, or other specialized knowledge." *See* Fed. R. Evid. 702(a) ("A witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact."). The videos at issue are not complicated excel spreadsheets of bills, nor are they x-ray or CT scans, nor are they toxicology results. The average juror looking at these videos can see them and conclude what is happening. They don't need additional interpretation. Allowing an expert witness to do so – essentially, letting the expert witness tell the jury what the facts are – is not permitted. *Clay v. Woodbury Cnty.*, 982 F. Supp. 2d 904, 917 (N.D. Iowa 2013)

4

(expert witness "*would not* be allowed to opine on a factual matter on which the jurors are entirely capable of making a determination – such as what force was used by the officers, nor would he be allowed to base his opinion on what he believes the correct version of the facts to be." (cleaned up)).

## CONCLUSION

Billington and DiCara's expert testimony are not admissible. This testimony should not be considered in connection with Foote's case, and must be struck.

**WHEREFORE**, Plaintiff Denver Foote respectfully requests Court grant her motion to strike, and for any further relief deemed necessary and just.

>
> **PARRISH KRUIDENIER DUNN GENTRY BROWN BERGMANN & MESSAMER, L.L.P.**
>
> By:  */s/ Gina Messamer*
> Gina Messamer          AT0011823
> 2910 Grand Avenue
> Des Moines, Iowa 50312
> Telephone: (515) 284-5737
> Facsimile: (515) 284-1704
> Email: gmessamer@parrishlaw.com
> **ATTORNEY FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 8, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.

>
> By:  */s/ Gina Messamer*