**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **DENVER FOOTE,**<br>        **Plaintiff,**<br><br>**v.**<br><br>**BRANDON HOLTAN AND ADAM**<br>**HERMAN,**<br>        **Defendants.** | **Case No.: 4:21-cv-00043-SBJ**<br><br><br>**DEFENDANTS' MOTION TO**<br>**BIFURCATE TRIAL REGARDING**<br>**PUNITIVE DAMAGES** |

NOW COME the Defendants, and for this Motion to Bifurcate Trial Regarding Punitive Damages states:

1.      Ms. Foote's claims include requests for punitive damages. Defendants request that trial in this matter be bifurcated to have liability, if any, determined prior to presentation of evidence related to punitive damages.

2.      Federal Rule of Civil Procedure 42(b) allows bifurcation of trials "For convenience, to avoid prejudice, or to expedite and economize." "Punitive damages are among the issues that courts have discretion to bifurcate. See Thorne v. Welk Inv., Inc., 197 F.3d 1205, 1213–14 (8th Cir. 1999)." *Clinton v. Garrett*, No. 4:20-cv-00166, 2023WL2534047, at *1-2 (S.D. Iowa Mar. 15, 2023). "Bifurcation can avoid the potential that evidence pertinent to punitive damages will improperly prejudice a determination on liability and compensatory damages." *Id.* at *2 (internal citation and quotation omitted).

3.      Bifurcation of punitive damages is warranted in this case to avoid any prejudice to Defendants. Ms. Foote has argued that the Court should accept evidence relating to other arrests made by Officers Holtan and Herman in relation to punitive damages. While the City objects to introduction of this evidence at all, if it is admitted in relation to punitive damages, jurors should

not consider it in relation to liability. Federal Rule of Evidence 404(b) makes clear that jurors should not consider other bad acts evidence to show a propensity for committing bad acts. As such, introduction of such evidence while jurors are considering whether Officers Holtan and Herman have liability is prejudicial.

4.      Ms. Foote has also argued that jurors should be informed of the source of payment of any punitive damages award. Generally, such evidence is prohibited. *Griffin v. Hilke*, 804 F.2d 1052, 1056-1057 (8th Cir. 1986). This is to avoid prejudice to defendants by encouraging jurors to be "unduly generous." *Id.* at 1057. If jurors are to consider financial ability to pay or the source of payments, such evidence should be limited to a punitive damages phase of trial so as not to improperly influence jurors in regards to liability and compensatory damages.

5.      Bifurcation is warranted to avoid prejudice to Defendants on both of these issues. This is consistent with this Court's past practice. The Court has bifurcated punitive damages in multiple prior cases. *Clinton*, 2023WL2534047, at *1-2; *Marchionda v. John Q. Hammons Hotels Mgmt., LLC*, No. 4:15-cv-00479, 2018WL8458879, at *1-2 (S.D. Iowa Dec. 31, 2018); *Union County, Iowa v. Piper Jaffray & Co.*, 741 F.Supp.2d 1064, 1114 (S.D. Iowa 2010).

6.      Bifurcation will also expedite the trial by allowing jurors to focus on liability first. Having jurors consider both liability and punitive damages at the same time will require a lengthier verdict form with more contingencies such as answering the punitive damages question or not based on whether liability is found. It will be easier for jurors to focus if they only have to consider liability and compensatory damages. Additionally, if jurors do not find liability against Officers Holtan and Herman, a punitive damages phase will be unnecessary.

7.      Both to avoid prejudice and to expedite trial, the Court should bifurcate consideration of punitive damages to a second phase of trial that would occur only if liability is

found and the Court determines the evidence could show Defendants' actions could warrant punitive damages.

WHEREFORE, the Defendants pray that the Court bifurcate punitive damages to a second phase of trial and for such further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Michelle R. Mackel-Wiederanders*
Michelle R. Mackel-Wiederanders    AT0004790
Assistant City Attorney
City Hall, 400 Robert D. Ray Dr.
Des Moines, IA  50309-1891
Telephone: (515) 283-4537
Facsimile: (515) 237-1748
E-mail:  MRMackel@dmgov.org
LEAD ATTORNEY

*/s/ Luke DeSmet*
Luke DeSmet                            AT0010219
Assistant City Attorney
City Hall, 400 Robert D. Ray Dr.
Des Moines, IA  50309-1891
Telephone: (515) 283-4110
Facsimile: (515) 237-1748
E-mail:  LMDesmet@dmgov.org

ATTORNEYS FOR DEFENDANTS

June 11, 2024