**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **DENVER FOOTE,** | |
| **Plaintiff,** | **Case No. 4:21-cv-00043-SBJ** |
| **vs.** | |
| **BRANDON HOLTAN & ADAM HERMAN,** | **RESISTANCE TO DEFENDANTS' MOTION TO BIFURCATE** |
| **Defendants.** | |

**COMES NOW** the Plaintiff and for this Resistance to Defendants' Motion to Bifurcate respectfully states as follows:

The evidence relating to Defendants' arrests of other individuals, while relevant to punitive damages, is also extremely important to Plaintiff's case-in-chief. This is exactly the same situation as *U.S. v. Boone*, 828 F.3d 705, 711 (8th Cir. 2016). In that case, the plaintiff had to prove the defendant officer acted willfully in injuring a detainee. The Court accordingly held a prior use of force by the defendant was relevant and correctly admitted by the district court:

> By testifying that he did not intend to hurt Hill or kick him in the head, but was instead trying to assist his fellow officers in securing Hill, Boone placed his state of mind squarely at issue and rendered evidence of his prior use of unreasonable force probative of his intent, knowledge, motive, and absence of mistake in his use of force against Hill.

*Id.*

Likewise, Foote must prove for her assault, excessive force, and IIED claims that Defendants intended to hurt her and were not merely trying to effectuate an arrest. For her malicious prosecution claim, she must prove malice. State of mind issues run throughout this case. Evidence relating to Defendants' wrongful arrests and use of force

1

against other protesters is relevant to prove their motive, intent, plan, absence of mistake, and lack of accident. Fed. R. Evid. 404(b)(2); *Boone*, 828 F.3d at 711 (recognizing officer's prior use of force was relevant under Rule 404(b)). Foote needs to be able to present evidence regarding Defendants' other inappropriate actions against other protesters in order to prove liability. Bifurcating the case would unfairly prejudice Foote's ability to present her case on liability. *See also E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (affirming denial of bifurcation because "[t]he evidence of racially discriminatory conduct was relevant on issues of liability, racial animus of managers, and punitive damages" (cleaned up)).

If the Court allows Foote to inform the jury about the source of payment for punitive damages, Foote does not object to providing this information to the jury in a written format subsequent to their completion of the jury form on compensatory damages. Foote envisions the following would be an appropriate written instruction:

> Iowa law neither requires, nor prohibits, the Des Moines Police Department from indemnifying the defendant for any punitive damages. The Des Moines Police Department may opt to pay any such punitive damages that are awarded, or may choose not to do so.

(*Welch v. Dempsey*, SDIA 4:20-cv-235, ECF No. 95).

Foote is not aware of any other particular evidence in this case that is relevant solely to punitive damages. This was also true in *Welch*, and if counsel correctly recalls, Judge Rose issued an oral ruling at the pretrial hearing that the case would not be bifurcated.

**WHEREFORE**, the Plaintiff respectfully requests the Court deny Defendants' motion to bifurcate.

**PARRISH KRUIDENIER, L.L.P.**

By: ___/s/ Gina Messamer_____

      Gina Messamer      AT0011823
      2910 Grand Avenue
      Des Moines, Iowa 50312
      Telephone: (515) 284-5737
      Facsimile: (515) 284-1704
      Email: gmessamer@parrishlaw.com
      **ATTORNEY FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on June 12, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.

By: ___/s/ Gina Messamer_____