**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **DENVER FOOTE,** | **Case No. 4:21-cv-00043-SBJ** |
| **Plaintiff,** | |
| **vs.** | |
| **BRANDON HOLTAN & ADAM HERMAN,** | **FINAL PRETRIAL ORDER** |
| **Defendants.** | |

A final pretrial conference was held in this matter pursuant to Fed. R. Civ. P. 16 on

July 23, 2024. The following counsel, who will try the case, appeared at the conference:

1. For the plaintiff:

Gina Messamer
Nathan Sandbothe
PARRISH KRUIDENIER, L.L.P.
2910 GRAND AVENUE
DES MOINES, IA 50312
515-284-5737
Fax: 515-284-1704
Email: gmessamer@parrishlaw.com
        nsandbothe@parrishlaw.com


2. For the defendants:

Michelle Mackel-Wiederanders
DES MOINES CITY ATTORNEY
400 ROBERT D. RAY DRIVE
DES MOINES, IA 50309-1891
515-283-4537
Fax: 515-237-1748
Email: mrmackel@dmgov.org

Luke DeSmet
DES MOINES CITY ATTORNEY
400 ROBERT D. RAY DRIVE
DES MOINES, IA 50309-1891

515-283-4110
Fax: 515-237-1748
Email: lmdesmet@dmgov.org

**IT IS ORDERED:**

    **I.    The parties agree that the following facts are true and undisputed:**

A.  Defendants arrested Denver Foote.
B.  Defendants used physical restraint and force against Denver Foote.

    **II.    Exhibits:**

A.  The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof or objection. Specifically, the parties agree that both plaintiff's and defendant's exhibits listed under this portion (Paragraph IIA) of the final pretrial order are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

    *1.  Plaintiff's exhibits:*

| | |
|---|---|
| 1. | OC training |
| 2. | 2020 Use of force reporting policy |
| 3. | 2020 use of force policy |
| 5. | Personnel conduct admin rule |
| 6. | Outfit picture |
| 7. | Annie's north streetview |
| 8. | Annie's streetview |
| 11. | Map of 3rd |
| 12. | Map of Court |
| 13. | Zoom out map |
| 14. | Court zoom light |
| 15. | Map with Capitol |
| 17. | PR 24 |
| 18. | Booking info & rap sheet – mug shot |
| 24. | Jail records |
| 25. | 6.1.2020 injury photo |
| 26. | 6.2.2020 injury photo |
| 27. | 6.3.2020 injury photo |
| 28. | 6.3.2020 leg injury photo |
| 29. | 6.5.2020 injury photo |
| 30. | 6.5.2020 injury photo |
| 31. | 6.3.2020 arm injury photo |
| 32. | 6.3.2020 injury in nook |
| 33. | 6.3.2020 leg injury photo |
| 34. | Arm and cat |
| 35. | Holtan report |
| 36. | Herman report |
| 37. | Holtan use of force |
| 38. | Herman use of force |
| 39. | Jon_Carmichael_Facebook – 38:40-end (audio will be muted) |

| | |
|---|---|
| 40. | 3rd-Court NE-N Remote 2:39:00 – 2:44:00 |
| 42. | Holtan.Herman compilation walk to wagon |
| 45. | ErnestoEscobarHernandez 5.31.2020 3.03am - muted |
| 46. | ErnestoEscobarHernandez 5.31.2020 3.06am- muted |
| 47. | ErnestoEscobarHernandez 5.31.2020 3.17am- muted |
| 49. | 40 and 41 side by side |
| 52. | JordanWall body camera 5.31.2020 2.50am |
| 53. | NataleChiodo body camera 5.31.2020 2.52am |
| 54. | NataleChiodo body camera 5.31.2020 2.55am |
| 55. | RyanGarrett body camera 5.31.2020 2.49am |
| 56. | ThomasGarcia body camera 5.31.2020 2.46am |
| 66. | Urgent care records |
| 68. | Stills prior to arrest |
| 69. | Nieters photos 6.1.2020 |
| 74. | Glasses receipt |
| 76. | Mechanics of arrest training |
| 78. | Body camera policy |
| 79. | Use of force training |
| 80. | Verbal judo training |
| 81. | De-escalation training |
| 83. | Chiropractor bills |
| 84. | Chiropractor improvement 10.5.21 |
| 85. | Chiropractor intake |
| 86. | Jail call recording 1 5-31-20 @8:30 a.m.) |
| 87. | Jail call recording 2 5-31-20 @10:57 a.m.) |

2.     *Defendants' exhibits: In addition to Defendants reserving the right to use all of Plaintiff's listed exhibits, Defendants offer the following:*

| | |
|---|---|
| A. | Haas Chiropractic Records |
| B. | True Roots Chiropractic Records |
| D. | Broadlawns Records. Rules – will be filed under seal by agreement |
| K. | Jail call recording 1 (D Foote _5-31-20_8158308627 @8:30 a.m.) |
| L. | Jail call recording 2 (D Foote _5-31-20_8158308627 @10:57 a.m.) |
| N. | Jail booking information |
| O. | Court Avenue Map |

B. Parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

1.  *Plaintiff's exhibits:*

4

4.      Nieters arrest photo – 401, 403, 404(b), MIL
16.     Pictures of Denver, Faustina, Chance          401, 403
19.     Unlawful assembly complaint                   401
20.     Failure to disperse complaint                 401
21.     Participate in Riot complaint                 401
22.     Crim mischief original complaint              401
23.     Riot original complaint                       401
41.     3rd-Court NE-SW Cam 2:42:30-2:46:30am          401, 403, MIL While the beginning 55 seconds and the last 25 seconds are relevant because they show Ms. Foote, the intervening period is irrelevant because Ms. Foote is off screen. Further, the intervening time period shows uses of force by officers who are not parties to the case that Ms. Foote's counsel has previously treated as inappropriate. Jurors should not be shown allegedly improper uses of force by other officers. This exhibit should be split into two parts. The first ending at 55 seconds into the current version and the second starting at 3:30 of the current version.
43.     Lukehastie body camera 5.31.2020 2:47am (Klingenberg) 401, 403, 404(b), MIL
44.     Foote graduation picture          401, 403
48.     Denver birthday picture 6.12.2020
50.     ErnestoEscobarHernandez 5.31.2020 4.40am
57.     AdamHerman body camera 5.30.2020 9.31pm 401, 403, 404(b), MIL
58.     DanielDempsey body camera 5.30.2020 9.59pm        401, 403, 404(b), MIL
59.     Grobe & Foote 2.28.2020  401, 403
60.     Grobe & Foote 3.21.2020  401, 403
61.     Nieters Armstrong clip zoomed     401, 403, MIL
62.     Nieters working photographs       401, 403, MIL
63.     Nieters working 5.30.2020         401, 403, MIL
64.     Nieters working 6.1.2020          401, 403, MIL
65.     Nieters RyanArmstrong 06.01.2020 12.02am  – Nieters video        401,    403, 404(b), MIL
70.     Nieters arrest photos        401, 403, 404(b), MIL
71.     Nieters Holtan report        401, 403, 404(b), MIL
72.     Nieters injury photos        401, 403, 404(b), MIL
73.     Herman/Holtan compilation – ending at Klingenberg   401, 403, 404(b), MIL  City would agree to use of this video up to 1:15 on the video as it shows interactions between Ms. Foote and Defendants. Subsequent portions of the video do not involve Ms. Foote and are therefore irrelevant to her claims.

77.     Facebook mug shot          401, 403
88.     Nieters photographs 5.30.2020    401, 403


        *2.  Defendants' exhibits:*


C.      Path to Peace Records – Rules 401, 403. Will be filed under seal by agreement. No objection to pages 1-16, except redaction needs to be made to page 12 to redact the whole sentence that is partially redacted. Object to remaining pages because reference to client as "they" has been redacted and leaves the records looking very strange.

Concern that the strange redaction will raise questions with the jury. No objection to questioning witnesses about these records, but object to the admission of them.

E.      Care More Records. Rules 401, 403, 404(b). Will be filed under seal by agreement. Only objection is to page 1, which references Foote's removal from nonprofit board in relation to holding cash box and perceived threatening of board.

F.      FixedCameraCrosswalk 05.31.2020 235am – Object because this precedes Defendants' encountering Foote by around 8 minutes and does not depict Foote or Defendants. It is irrelevant and likely to confuse the issues and play on the jury's prejudices and passions.

H.      FixedCameraNESE 05.31.2020 232am – Object because this precedes Defendants' encountering Foote by around 10 minutes. It depicts others involved in criminal activity. Defendants are not present. It is irrelevant and likely to confuse the issues and play on the jury's prejudices and passions.

I.      FixedCameraSWNE 05.31.2020 234am – Object because this precedes Defendants' encountering Foote by around 9 minutes. Defendants are not present. It is irrelevant and likely to confuse the issues and play on the jury's prejudices and passions.

J.      FixedCameraHyVee 05.31.2020 234am – Object because this precedes Defendants' encountering Foote by around 9 minutes. Neither Foote nor Defendants are present. It depicts others involved in criminal activity. It is irrelevant and likely to confuse the issues and play on the jury's prejudices and passions.

M.      Drone Video – Object because this precedes Defendants' encountering Foote by at least 10 minutes. Defendants are not present. It is unknown if Foote is present in the video because it is from so far away and the time is not specified. The video is irrelevant and likely to confuse the issues and play on the jury's prejudices and passions.

Q.      Foote Social Media-Police – All of the Twitter posts in this exhibit post-date the events in this case. The posts reflect Foote's political opinions about the police. These opinions are irrelevant to the issues before the jury. They are likely to confuse the issues and play on the jury's prejudices and passions.

R.      Foote Social Media-Emotional Distress – Object to:

- page 3 because Foote's pre-arrest wisdom tooth pain is not an issue in this case - irrelevant

- page 7 because Foote' post-arrest ear injury is not an issue in this case - irrelevant

- page 8 because it is irrelevant that Foote sometimes gets hangry

- page 9 because it is irrelevant

- page 10 because it is irrelevant – references Foote losing unemployment benefits

- page 11 because Foote's post-arrest wrist injury is not an issue in this case – irrelevant

- page 13 because Foote's post-arrest cold/COVID is not an issue in this case – irrelevant

- page 14 because Foote's financial worries are not an issue in this case – irrelevant and likely to confuse the issues

- page 15 because Foote's experiences of discrimination are not an issue in this case – irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 16 because Foote's medical leave from work in 2021 and financial concerns are not an issue in this case – irrelevant and likely to confuse the issues

- page 18 because Foote's work burn-out is not an issue in this case – irrelevant and likely to confuse the issues

- page 19 because Foote's dehydration/exhaustion in 2021 is not an issue in this case – irrelevant and likely to confuse the issues

- page 20 because Foote's concern about climate change is a political opinion and is not an issue in this case – irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 20 because Foote's sexuality is not an issue in this case – irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 22 because Foote's cat bite injury from 2021 is not an issue in this case – irrelevant and likely to confuse the issues

- page 23 because Foote's heat exhaustion in 2021 is not an issue in this case – irrelevant and likely to confuse the issues

- page 24 because Foote's experiences of discrimination are not an issue in this case – irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 24  because Foote's mother's death is not an issue in this case – irrelevant and likely to confuse the issues

- page 28 because Foote's hand injury from work is not an issue in this case – irrelevant and likely to confuse the issues. This post also states Foote's political opinions about tax refunds, unions, and short term disability, also irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 30 because the extermination of bees at Foote's apartment in 2022 is not an issue in this case – irrelevant and likely to confuse the issues.

- page 30 because Foote's opinion about abortion and reaction to the overruling of Roe v. Wade is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions.

- page 32 because Foote's sexuality is not an issue in this case – irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 35 because it involves a political issue and Foote's political advocacy about DART funding. This is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

S.     Foote Social Media-Public– Object to:

- page 4 because it involves a political issue (masking and school closures). This is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 6 because it involves a political issue (transition to 100% carbon free energy). This is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 11 because it involves a political issue (climate justice & coal plants). This is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 12 because it is irrelevant.

- page 13 because it involves a political issue (people vs. fossil fuels). This is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 15 because it involves a political issue (wind energy/MidAmerican). This is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 16 because it involves a political issue (campaign kickoff for various people). This is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 20 because it involves a presentation with political/activism co-sponsors. This is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 21 because it involves a political issue (support for Palestine). This is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

T.    Foote Social Media-Credibility

- page 1 because it involves a political issue (DMPD use of chemical weapons). This is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

- page 4 – object for reasons stated in Motion in Limine (Locust Tap post). Also these post are not by Foote. They are hearsay and inadmissible for that reason, as well.

- page 7  – object for reasons stated in Motion in Limine (Locust Tap post).

- page 9-14 because it involves a political issue (police funding vs. DART funding). This is irrelevant and likely to confuse the issues, and possibly play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

U.    Deposition Exhibit photographs – Object to pages 1-14, as they display Foote at points earlier in the evening (in many cases, hours earlier). Displays crowds at other points in the night. These pictures are irrelevant and likely to confuse the issues, and play on the jury's prejudices/passions. Any relevance is outweighed by risk for undue prejudice.

V.    Mayoral Forum  30:30-32:15 – Object. Foote's political stance and comments about clean drinking water during the mayoral forum and clean energy issues are totally irrelevant.


C. Parties want to introduce into evidence the following exhibits to which an opposing party will object on the grounds noted. It is further agreed that any exhibit

listed in this paragraph may be used by any other party provided that party establishes the exhibit is otherwise admissible.

       *1.  Plaintiff's exhibits:*

| | | |
|---|---|---|
| 9. | Denver's Route | Foundation |
| 10. | Diagram of nook | Foundation |
| 67. | Motion to Dismiss | Foundation, 401, 403 |
| 75. | Herman and Holtan screenshot | Foundation, 401, 403 |
| 82. | Xrays | Foundation |
| 89. | East Village maps | Foundation, 401, 403 |

## III.    Witnesses:

### A. *Plaintiff's witnesses:*

1. Denver Foote – testimony about experience with Defendants and damages suffered – contact through counsel
2. Jacob Grobe – former boyfriend, testimony about impact of arrest and use of force on Denver – 4216 Ingersoll Ave, Apt. 3, DSM  50312
3. Faustina Foote – sister, testimony about impact of arrest and use of force on Denver – 94 5th St N, Northwood, IA 50459
4. Holly Hallman – friend, testimony about impact of arrest and use of force on Denver – 914 40th St, Unit B, Des Moines IA 50312
5. Maggie Suites – counselor, testimony about impact of arrest and use of force on Denver - 3737 Woodland Ave, Suite 430, West Des Moines, IA 50266
6. Brandon Holtan – testimony about arrest and use of force
7. Adam Herman – testimony about arrest and use of force
8. Adam Snowden – testimony re: editing Armstrong video – 2910 Grand Ave, Des Moines IA 50312
9. Mark Ted Nieters – testimony about his own arrest by Holtan two days after Foote – contact through counsel
10. Michael Klingenberg – for phase 2 punitives - testimony about his own arrest by Holtan the same night as Foote – contact through counsel

### B. *Defendants' witnesses:*

1. Brandon Holtan, 25 E 1st St., Des Moines, IA 50309, Testimony regarding events of arrest of Ms. Foote.
2. Adam Herman, 25 E 1st St., Des Moines, IA 50309, Testimony regarding events of arrest of Ms. Foote.

3. Ben Carter, 25 E 1st St., Des Moines, IA 50309, Testimony regarding review of camera footage of riots and tracking of Ms. Foote through same.
4. Garth House, 25 E 1st St., Des Moines, IA 50309, Testimony regarding conduct of individuals around bar close in the Court Ave. area.
5. Dana Wingert, 25 E 1st St., Des Moines, IA 50309, Testimony about protests, riots, and DMPD response.
6. Allan Tunks, 25 E 1st St., Des Moines, IA 50309, Testimony about protests, riots, and DMPD response.
7. Ernesto Escobar Hernandez, 25 E 1st St., Des Moines, IA 50309, Testimony about transport of Ms. Foote after arrest.
8. Anthony DiCara, 1228 Bayside Rd., Baltimore, MD 21221, Testimony regarding law enforcement standards for responding to riots, making arrests, and use of force including how Defendants' actions relate to those standards.
9. Denver Foote, 4216 Ingersoll Ave Apt. 3, Des Moines, IA 50312, Testimony regarding events of arrest of Ms. Foote.
10. Maggie Suits (F/K/A Bannikatti), 3737 Woodland Ave., West Des Moines, IA 50266, Testimony regarding sources of emotional distress for Ms. Foote other than arrest.
11. Miranda Nicolai, Unknown, Testimony regarding events of Ms. Foote's arrest and actions leading up to arrest.
12. Jacob Grobe, 4216 Ingersoll Ave Apt. 3, Des Moines, IA 50312, Testimony regarding events of Ms. Foote's arrest and actions leading up to arrest.

## IV.   Factual issues

*A. Plaintiff's factual issues:*

1. Whether Plaintiff resisted arrest.
2. The amount of Plaintiff's compensatory damages.
3. Whether defendants were motivated by evil motive or intent.
4. Whether defendants were reckless or callously indifferent to Plaintiff's constitutional rights.
5. Whether defendants willfully and wantonly disregarded Plaintiff's constitutional rights.
6. How reprehensible defendants' conduct was.
7. What amount of punitive damages is needed to punish the defendant and deter others from similar wrongful conduct in the future.

*B. Defendants' factual issues:*

1. Whether there was probable cause for arrest, based on the facts known to Holtan and Herman and the totality of the circumstances.
2. Whether Plaintiff resisted arrest.
3. Defendants' intent for tort claim.
4. Plaintiff's allegations of damages, factual basis for damages.
5. Defendants' good faith belief in what they did.

6. Defendants' actions in context of policy, practice, and circumstances evolving on May 30-31, 2020.
7. The need for different arrest tactics during civil unrest, expertise in responding to these types of events.

## V.      Legal contentions

*A. Plaintiff's legal contentions:*

1. Defendants lacked probable cause to arrest Plaintiff.
2. The force used against Foote was constitutionally excessive.
3. Defendants maliciously prosecuted Plaintiff.
4. Defendants falsely arrested Plaintiff.
5. Defendants battered Plaintiff.
6. Defendants intentionally caused emotional distress or acted with reckless disregard of the probability of causing emotional distress
7. Defendants were malicious or recklessly indifferent to Plaintiff's constitutional rights

*B. Defendants' legal contentions:*

1. Defendants had probable cause to arrest Plaintiff, defeating the 4th am. seizure/arrest claim and tort of false arrest.
2. The force used against Foote was constitutionally reasonable, defeating the 4th Am. seizure/force claim and the tort of battery.
3. Defendants were not malicious or recklessly indifferent to Plaintiff's constitutional rights, therefore, damages, including punitive damages are not warranted.
4. Defendants were not malicious or recklessly indifferent to Plaintiff's common law rights, therefore, damages, including punitive damages are not warranted.

## VI.     Legal Issues:

*A. Plaintiff's legal issues:*

1. Plaintiff has no legal issues besides those raised in the motion in Limine and trial brief filings, which Plaintiff does not restate here.

*B. Defendant's legal issues:*

1. Defendant has no legal issues other than those articulated herein and in the motion in limine and resistances to plaintiff's limine motion.

*Respectfully submitted,*

**PARRISH KRUIDENIER, L.L.P.**

By:   */s/ Gina Messamer*

Gina Messamer                AT0011823
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
Email: gmessamer@parrishlaw.com
jdonels@parrishlaw.com
**ATTORNEY FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 25, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.


By:   */s/ Gina Messamer*


IT IS SO ORDERED.

DATED July 26, 2024.

Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge

12