**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **DENVER FOOTE,**<br><br>     **Plaintiff,**<br><br>vs.<br><br>**BRANDON HOLTAN & ADAM HERMAN,**<br><br>     **Defendants.** | Case No. 4:21-cv-00043-SBJ<br><br><br>**MOTION TO RECONSIDER JULY 26 ORDER ON MOTIONS IN LIMINE REGARDING EXCLUSION OF PUNITIVE DAMAGE EVIDENCE** |

**COMES NOW** the Plaintiff, and for her Motion to Reconsider the Court's July 26 Order on motions in limine, respectfully states as follows:

On July 3, 2024, the Defendants filed a motion in limine seeking to exclude, *inter alia*, any evidence related to "other allegedly wrongful conduct by the defendants." ECF No. 103 at 5-10. Specifically, the defendants sought to prohibit the introduction of evidence related to the arrests of Mark Nieters, Michael Klingenberg, and Jayvione Lewis, as well as evidence related to the search of Cierra Dunn's vehicle. *Id.* In response, the Plaintiff argued that evidence of Nieters' arrest was relevant to the issue of liability and to the issue of punitive damages, and that evidence related to Nieters, Klingenberg, Lewis, and Dunn was relevant to the issue of punitive damages. ECF No. 108 at 4-5.

On July 26, 2024, the Court issued its Order on the parties' respective motions in limine. ECF No. 120. After considering the issue of other allegedly wrongful conduct the court held:

> Accordingly, the parties, and their counsel, representatives, and witnesses, shall not present evidence of or make any reference to the matters related to Mark Nieters, Michael Klingenberg, Jayvione Lewis, or Cierra Dunn while in the presence of the jury, either during jury selection *or any other phase of the trial.*

1

ECF No. 120 at 7-8 (emphasis added).

The Court's decision is in error and contradicts well-settled law. The Supreme Court has repeatedly held that other wrongful acts evidence is relevant to issue of punitive damages and should be admitted for that purpose. "[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) (quoting *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 575 (1996)). The Supreme Court has "instructed courts to determine the reprehensibility of a defendant by considering whether … the conduct involved repeated actions or was an isolated incident." *Id.* "[E]vidence that a defendant has repeatedly engaged in prohibited conduct…would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law." *Gore*, 517 U.S. at 577.

Not only is this evidence admissible, the Supreme Court has expressly instructed that it should be considered in determining a punitive damages award. *See TXO Prod. Corp. v. All. Resources Corp.*, 509 U.S. 443, 462 n. 28 (1993) ("Under well-settled law, however, factors such as these are typically considered in assessing punitive damages"). In *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21-22 (1991), the Court approved using "the existence and frequency of similar past conduct" as a criterion in assessing punitive damages. The Eighth Circuit has also explicitly approved the consideration of other wrongful acts in the context of punitive damages. *See* 8th Cir. Manual of Model Civil Jury Instructions (2022), 4.72 (listing as a factor to consider "whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff). This policy

makes good sense: if deterrence is the goal in awarding punitive damages, then it is necessary to understand how pervasive the prohibited conduct has been.

The proposed evidence is sufficiently similar to the conduct at issue in this case to be admissible for purposes of punitive damages. "[I]n the context of civil actions courts must ensure the conduct in question replicates the prior transgressions." *Campbell*, 538 U.S. at 423. To that end, the Court may consider whether the evidence of misconduct in another case or other cases is "of the sort that injured [the plaintiff]." *Id.* The "evidence of other acts need not be identical to have relevance to the calculation of punitive damages," although the evidence cannot have "nothing to do with" the dispute presently before the Court. *Id.* at 423-424.

The proposed other wrongful acts evidence is of the sort that injured the Plaintiff in this case. Just as with the Plaintiff, regarding Nieters, Defendant Holtan 1) did not turn on his body camera; 2) claimed a subject ran away to justify a use of force and arrest; 3) pepper-sprayed and arrested someone who had not actually committed a crime; 4) had another officer corroborate his account; and 5) wrote a report a week later. Regarding Klingenberg, shortly after arresting the Plaintiff, Herman and Holtan directed another officer to arrest Klingenberg even though Klingenberg had done nothing wrong. Neither Holtan nor Herman turned on their body camera or wrote a report about their involvement with Klingenberg's arrest. Holtan then participated in Lewis's arrest around 50 minutes after arresting Foote. Holtan did not turn on his body camera to record this arrest. Lastly, Holtan participated in the illegal search of Cierra Dunn's vehicle around an hour and fifteen minutes after arresting Foote. Several of these incidents are nearly identical to the present dispute. However, as stated above, it is not necessary that the evidence be

3

identical to the issue presently in dispute, and it cannot be side that these other acts have "nothing to do with" the issue that forms the basis of the present action. Therefore, this evidence is admissible for the punitive damages phase.

There is no danger that the admission of this evidence will confuse the issues, mislead the jury, or amount to unfair prejudice. The parties have agreed to bifurcate the proceeding so that the question of punitive damages is separated from the question of liability. One of the advantages of proceeding in this fashion is that there is no risk that evidence relevant to punitive damages will be mistaken for evidence supporting liability. Further, to avoid any risk of the jury confusing the issues, the Court may issue an instruction directing jurors on how to weigh the evidence in the context of punitive damages. As the Court held in *Niver v. Travelers Indem. Co. of Illinois*:

> [C]onsistent with *Campbell,* jurors must be instructed that they cannot award punitive damages to punish or deter conduct that bore no relation to Niver's harm, and that they may not consider the merits of other parties' claims, real or hypothetical, against Travelers in determining whether or not to award punitive damages against Travelers in this case, but may only award punitive damages to punish Travelers for repeated "bad faith" conduct if this case repeats prior "bad faith" conduct of the same sort that injured Niver.

433 F. Supp. 2d 968, 980 (N.D. Iowa 2006). The Plaintiff has no objection to the Court issuing a similar instruction in this case, which would ensure the jury only considers this evidence for appropriate purposes.

The Court has expressed concern with the length of trial. Counsel has taken pains to move through witnesses expeditiously. As of Wednesday at noon, three days into trial, counsel is ahead of schedule. It is anticipated the evidence will be fully submitted before the end of the day on Friday. Plaintiff's intentions in the punitive damage phase would be to present testimony from Michael Klingenberg, which would take approximately 30

minutes. Next would be testimony from Mark Nieters, which would take approximately 2 hours.[1] Plaintiffs also intend to recall Defendant Herman and Holtan briefly to question them about these other arrests, which would take approximately one hour. The presentation of the punitive damage evidence would be efficient. Given that this evidence is highly relevant to punitive damages, it is unreasonable to prohibit Plaintiff from presenting it. If the Court excludes this evidence, Plaintiff will have almost no evidence to present regarding punitive damages. Precluding this evidence, practically speaking, prevents Plaintiff from presenting a punitive damage case. Plaintiff is entitled to present her case fully and this evidence is core to her ability to do so.

**WHEREFORE**, the Plaintiff respectfully requests the Court reconsider its July 26 Order on the motions in limine consistent with the arguments presented above and allow Plaintiff to present evidence of Defendants' involvement with the arrests of Nieters, Klingenberg, Lewis, and Dunn in the punitive damage phase.

**PARRISH KRUIDENIER, L.L.P.**

By: _/s/ Gina Messamer_
 Gina Messamer AT0011823
 2910 Grand Avenue
 Des Moines, Iowa 50312
 Telephone: (515) 284-5737
 Facsimile: (515) 284-1704
 Email: gmessamer@parrishlaw.com
 **ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

---

[1] Plaintiff's exhibits 43 and 73 pertain to Klingenberg's arrest and are the only exhibits that would be used in his testimony. Plaintiff's exhibits 61, 62, 63, 64, 65, 70, 71, 72, 88, and 89 pertain to Nieters' arrest. Otherwise there are no additional exhibits associated with these witnesses.

The undersigned hereby certifies that on July 31, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.

By: /s/ Gina Messamer